**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MULTI-COLOR CORPORATION**, | : | |
| Plaintiff, | : | Case No. 1:24-cv-00069 |
| v. | : | Judge: Jeffery P. Hopkins |
| | : | Magistrate Judge: Karen L. Litkovitz |
| **MARK GIULIANI**, | : | |
| Defendant. | : | |

### Defendant Mark Giuliani's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Mark Giuliani hereby moves the Court for an order dismissing Plaintiff's complaint against him for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] The basis for this motion is set forth in the attached memorandum.

Respectfully submitted,

*/s/ Alexander J. Durst*
Alexander J. Durst   0089819
Paul R. Kerridge    0092701
Durst Kerridge LLC
600 Vine St., Suite 1920
Cincinnati, OH 45202
Phone: (513) 621-4999
Fax: (513) 621-0200
Email: alex@durst.law
         paul@durst.law

---

[1] Giuliani hereby expressly reserves the right to file an additional motion to dismiss for any reason permitted under the Federal Rules of Civil Procedure, including but not limited to Rule 12(b)(6).

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

The court must dismiss this case for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure because it is governed by a mandatory forum selection clause explicitly providing that suit may only be filed in a state or federal court located in Illinois. And even if the forum selection clause did not mandate dismissal, exercising personal jurisdiction would not comport would due process.

This case arises from an employment dispute between former employer Multi-Color Corporation ("MCC") and former employee Defendant Mark Giuliani. (Doc. 1 PageID## 1-21; Doc. 1-1 PageID## 23-31.) MCC alleges that Giuliani misappropriated trade secrets, and violated non-solicitation and non-compete clauses in his employment contract. (Doc. 1 PageID# 1-21.) Crucially, the employment contract also clearly and unambiguously provides:

> To the extent that any lawsuit is permitted under this Agreement, I hereby expressly consent to the personal and *exclusive jurisdiction and venue* of the *state and federal courts located in Illinois* for *any* lawsuit filed against me by the Company.

(*Id.* PageID## 29.) (Emphasis added.)

This forum selection clause plainly applies to this case, as it governs "any" lawsuit filed by MCC against Giuliani. Accordingly, this Court lacks jurisdiction to hear this case. And even if the forum selection clause was not dispositive, the Court lacks personal jurisdiction under the Due Process clause because Giuliani is not subject to general personal jurisdiction in Ohio and there are not sufficient allegations of a connection between Giuliani's purported conduct and Ohio. The Court should therefore dismiss this case for want of personal jurisdiction.

## II. PROCEDURAL POSTURE

On February 12, 2024, MCC filed a complaint against Giuliani alleging misappropriation of trade secrets, and the violation of non-solicitation and non-compete clauses in Giuliani's employment contract. (Doc. 1 PageID## 1-21.) On February 13, 2024, MCC moved the Court to issue a Temporary Restraining Order. (Doc. 5 PageID## 49-90.) MCC filed an Amended Motion on February 15, 2024. (Doc. 7 PageID## 97-137.) MCC did not mention the forum selection clause in the complaint or in either version of the Motion for Temporary Restraining Order. (*See id.*) On February 20, 2024, after a hearing conducted by telephone in which Giuliani appeared *pro se* and highlighted the jurisdictional clause in the contract, the Court issued a Temporary Restraining Order. (Doc. 9 PageID## 146-57.) The Court set a hearing for a preliminary injunction for February 27, 2024. (*Id.* at PageID# 157.)

After Giuliani's counsel raised the issue of personal jurisdiction during the status conference conducted on the date of filing of this motion, it was determined that the parties should brief the issue of personal jurisdiction and that the February 27, 2024 court appearance would instead be used to address personal jurisdiction.

## III. JURISDICTIONAL FACTS ALLEGED IN THE COMPLAINT

The extent of MCC's jurisdictional allegations are that Giuliani "was employed by an Ohio company, performed services for MCC in Ohio, and [. . .] caused a tortious injury to MCC in Ohio through his actions of misappropriating and/or inevitably utilizing confidential and trade secret information belonging to MCC." (Doc. 1 PageID## 1-2.) MCC did not allege any other connection between Giuliani's alleged conduct and the state of Ohio.

3

## IV. ARGUMENT

### A. Legal Standard

Rule 12(b)(2) provides for dismissal of a lawsuit for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of proving that jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

When a court resolves a Rule 12(b)(2) motion based on written submissions and affidavits, the plaintiff must make a "prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Snap Med. Indus., LLC v. Focus Health Grp., Inc.*, No. 2:20-CV-5557, 2021 WL 1893122, at *2 (S.D. Ohio May 11, 2021). However, "the court may consider a defendant's undisputed factual assertions." *Id.* (citing *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012)). "If 'there does not appear to be any real dispute over the facts relating to jurisdiction, the *prima facie* proposition loses some of its significance.'" *Id.* (quoting *Conn*, 667 F.3d at 711).

### B. The Mandatory Forum Selection Clause Renders Personal Jurisdiction Improper.

A forum selection clause contained within a contract is an agreement to submit to the jurisdiction of a particular court. *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir.2006). The enforceability of a forum selection clause "hinges upon (1) whether there is a valid and enforceable forum selection clause governing the location of the court adjudicating the dispute and (2) whether the clause is applicable to the matter at hand." *Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 733 (N.D. Ohio 2011).

Forum selections clauses are either "mandatory" or "permissive." "A forum selection clause is mandatory if it clearly indicates that jurisdiction is proper only in the selected forum. By contrast, a permissive forum selection clause merely authorizes jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation." *Federal Deposit Ins. Corp.*

4

*v. Paragon Mortg. Servs., Inc.*, No. 1:15 CV 2485, 2016 WL 2646740, at *2 (N.D. Ohio May 10, 2016) (quotation omitted). "The language of the forum-selection clause determines its scope, *Salis v. Am. Exp. Lines*, 331 Fed. App'x 811, 813 (2d Cir. 2009), and 'mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.'" *Mazzella Lifting Tech., Inc. v. Farmer*, No.: 1:16-cv-395, 2017 WL 4883238, at *6 (N.D. Ohio Jan. 20, 2017) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3803.1 (3d ed.1998)).

According to the Sixth Circuit, the inclusion of the word "exclusive" connotes a mandatory forum-selection clause—i.e., jurisdiction and venue are only proper in the chosen venue, and nowhere else. *Advanced Critical Devices, Inc. v. Boston Sci. Corp.*, 2022 U.S. Dist. LEXIS 77662, 2022 WL 1266117, at 4-5 (N.D. Ohio Apr. 28, 2022) (citations omitted). In *Braman v. Quizno's Franchise Co., LLC*, the court explained that "[b]y virtue of the parties' use of the word 'exclusive,' the forum-selection clause in this case is explicitly mandatory, not permissive." No. 5:07CV2001, 2008 U.S. Dist. LEXIS 97929, at *18 (N.D. Ohio Feb. 20, 2008). Similarly, in *General Electric Co. v. G. Siempelkamp GmbH & Co.*, the forum-selection clause provided that jurisdiction "shall" be the principal place of business of one of the parties and was therefore mandatory. 29 F.3d 1095, 1099 (6th Cir. 1994); *see also, e.g.*, *Mazzella Lifting Technologies, Inc. v. Farmer*, N.D.Ohio No. 1:16 CV 395, 2017 U.S. Dist. LEXIS 216808, at *16 (Jan. 20, 2017) (concluding that forum-selection clause that provided that "such court *shall* have *sole* and *exclusive* jurisdiction" was a mandatory forum-selection clause (emphasis in original)).

Here, the analysis is simple. There is no dispute that Giuliani's employment agreement is an enforceable contract; it contains a forum selection clause; and that forum selection clause is plain, unambiguous, and mandatory, as it provides for "*exclusive jurisdiction and venue*" in "the

5

state and federal courts located in Illinois" for "*any lawsuit filed against [Giuliani] by the Company* [MCC]." Thus, the clause contains the term "exclusive" and plainly sets forth that venue and personal jurisdiction for lawsuits filed by MCC (the "Company") against Giuliani may only be in Illinois. (*Id.*)

The employment contract sets forth that it is to be interpreted under Ohio law. (*Id.*) It bears adding, the first page of the employment agreement plainly sets forth that it is an MCC-created document, and further, that agreeing to it is "a condition of [Giuliani's] employment." (*Id.* at PageID# 23.) Under Ohio law, "where the written contract is standardized and between parties of unequal bargaining power, an ambiguity in the writing will be interpreted strictly against the drafter and in favor of the nondrafting party." *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 13, 100 Ohio St. 3d 216, 220, 797 N.E.2d 1256, 1262 (citation omitted). Thus, even if the forum selection was ambiguous, which it is not in the slightest, that ambiguity would be interpreted against MCC.

The inescapable conclusion here is that the forum selection clause is mandatory, which therefore means MCC only file suit against Giuliani in an Illinois court. As such, this court lacks jurisdiction and must dismiss the action under Fed. R. Civ. P. 12(b)(2).

### C. The Court Lacks Personal Jurisdiction Under the Due Process Clause.

The Fourteenth Amendment's Due Process Clause requires that a defendant be subject to a court's personal jurisdiction before a judgment can be rendered against it. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980).

Two types of personal jurisdiction exist under the Due Process clause: general jurisdiction, where the suit does not arise from the defendant's contacts with the forum state, and specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state. *See*

*Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (citations omitted). A non-resident defendant is subject to the general jurisdiction of the forum state only where his contacts with that state are "continuous and systematic." *Id.*

As to general jurisdiction, MCC alleges that Giuliani is a resident of Wisconsin. (Doc. 1 PageID# 1.) MCC has not alleged that Giuliani has any continuous or systematic contact with Ohio. (*See generally* Doc. 1.)

As to specific jurisdiction, that exists only if the defendant has sufficient "minimum contacts" with the forum state and if subjecting the defendant to the court's jurisdiction will "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "[T]he 'minimum contacts' inquiry principally protects the liberty of the non-resident defendant, not the interests of the plaintiff." *Walden v. Fiore*, 571 U.S. 277, 290 n.9 (2014) (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 291-92). The determination of whether a non-resident defendant has minimum contacts sufficient to support a court's exercise of personal jurisdiction "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.*, 456 U.S. 770, 775 (1984)). The "defendant's conduct and connection with the forum State [must be] such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.

Here, MCC offers:

- Giuliani "was employed by an Ohio company";

- Giuliani "performed services for MCC in Ohio";

- Giuliani caused "tortious injury to MCC in Ohio through his actions of misappropriating and/or inevitably utilizing confidential and trade secret information belonging to MCC."

7

The fact that MCC is an Ohio company is not a sufficient connection between the litigation and Giuliani to convey specific jurisdiction. The minimum contacts analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285 (citations omitted). A defendant must have directed some action to the forum state, "[b]ut a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286. If MCC's allegations were sufficient to demonstrate specific jurisdiction, every employee would be subject to specific jurisdiction in the home state of their employer regardless of any contact with that state.

MCC alleges that Giuliani performed services for MCC in Ohio. But MCC has not alleged Giuliani solicited MCC customers in Ohio (or anywhere else). Nor has MCC alleged that Giuliani is attempting to compete with MCC by establishing a relationship with anyone MCC has worked with or intends to work with—much less that Giuliani has attempted to establish such a relationship that somehow relates to Ohio. Finally, MCC alleges that Giuliani caused injury to MCC "in Ohio" by "misappropriating and/or inevitably utilizing" trade secrets. But MCC self-evidently fails to allege that Giuliani has actually utilized trade secrets in Ohio (or anywhere else). At best, MCC speculates that Giuliani might cause harm to MCC at some unspecified time in the future. A guess about future activity cannot possibly be a "contact" for purposes of the specific-jurisdiction analysis.

At bottom, all these allegations are merely repackaged variations of the demonstrably incorrect assertion that Giuliani is subject to specific personal jurisdiction because MCC is an Ohio company.

## V.  CONCLUSION

The Court should dismiss Plaintiff's complaint against Defendant Mark Giuliani for lack of personal jurisdiction based on the forum selection clause and the lack of either general or specific jurisdiction.

                    Respectfully submitted,

                    */s/ Alexander J. Durst* _____
                    Alexander J. Durst    0089819
                    Paul R. Kerridge    0092701
                    Durst Kerridge LLC
                    600 Vine St., Suite 1920
                    Cincinnati, OH 45202
                    Phone: (513) 621-4999
                    Fax: (513) 621-0200
                    Email: alex@durst.law
                                  paul@durst.law